UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOY AND DANTE GUINTO,
individuals,

        Plaintiffs,

   v.

WELLS FARGO BANK, a National
Association; and DOES 1
through 50, inclusive,

        Defendants.

NO. CIV. S-11-372 LKK/GGH

O R D E R

/

**I.  INTRODUCTION**

Defendant Wells Fargo Bank, N.A. removed this action from the California Superior Court to this court. Notice of Removal (February 9, 2011) (Dkt. No. 1). Defendant asserted federal question and removal jurisdiction based upon plaintiffs' claim under the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and "in the alternative," diversity jurisdiction. Notice of Removal ¶¶ 5 & 6-10. The court dismissed the federal TILA claim, the only federal claim plaintiffs assert. (Dkt. No. 39)

1

(June 30, 2011).

For the reasons stated below, the court finds that diversity jurisdiction is lacking, as plaintiffs and defendant Wells Fargo Bank, N.A., are both citizens of California.

**II.  DIVERSITY JURISDICTION**

For diversity jurisdiction to attach, plaintiffs must be citizens of a different state than defendant. See 28 U.S.C. § 1332(a)(1). Documents submitted by defendant and considered by this court pursuant to defendant's Request for Judicial Notice, establish that plaintiffs are domiciled in California, and therefore, that they are "citizens" of California for diversity purposes.[1] See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must ... be ... domiciled within the State").

Defendant asserts that it is a citizen only of South Dakota. However, determining defendant's citizenship is more complicated. Wells Fargo Bank, N.A., is a national banking association with its "main office" in Sioux Falls, South Dakota,[2] and its "principal

---

[1] Plaintiffs's complaint alleges only that they are "residents" of California. Amended Complaint ¶ 1. In the Ninth Circuit, residency is not a sufficient ground for establishing citizenship. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) (citizenship, not residency, counts for diversity jurisdiction), citing Kanter v. Warner-Labmert Co., 265 F.3d 853, 857 (9th Cir. 2001).

[2] See Defendant's Request for Judicial Notice, Exh. A (Dkt. No. 41-1).

2

place of business" in San Francisco, California.[3]  By statute, national banks are "citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The issue for determination, then, is where the bank is "located."[4]

**III. DISCUSSION**

    **A.**    **American Surety Co. v. Bank of California**

The Ninth Circuit, interpreting the predecessor statute to 28 U.S.C. § 1348, has held that a national bank is located in the State where it maintains its "principal place of business." See American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943) ("The trial court was right in holding that defendant [a national bank] is a citizen only of the state in which its principal place of business is located").[5]

---

[3] Defendant does not explicitly assert that its principal place of business is in California.  However, its response to the court's request for further briefing on the jurisdictional issue appears to be predicated upon that fact.  In any event, the court takes judicial notice of Wells Fargo Bank, N.A.'s judicial admission of this fact.  See, e.g. Wells Fargo Bank, N.A.'s Appellate Brief in Wells Fargo Bank, N.A. v. Lake of the Torches Economic Dev. Corp., 2010 WL 4622045 (June 30, 2010) ("Under Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010), Wells's principal place of business is San Francisco, California").  The decision in that case is reported at ___ F.3d ___, 2011 WL 3890518 (7th Cir. September 6, 2011).

[4] Plaintiffs are silent on the point, asserting only that it is okay with them if the court remands the case to the state court.

[5] Accord, U.S. Nat. Bank v. Hill, 434 F.2d 1019, 1020 (9th Cir. 1970) (per curiam) (a case addressing venue, not diversity) ("In American Surety ... [w]e held that the national bank ... was 'located' only in the state wherein it maintained its principal place of business"); see also, Country National Bank v. Mayer, 788 F. Supp. 1136, 1142 n.8 (E.D. Cal. 1992) (Karlton, J.) ("for purposes of diversity jurisdiction, a national bank is a 'citizen' of the state where it has its principal place of business").  The

3

Although American Surety interprets the predecessor statute to Section 1348, its holdings are still binding on this court. The predecessor statute provided:

> And all national banking associations established under the laws of the United States shall, for the purpose of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located.

Act of March 3, 1911, Pub. L. No. 475 (ch. 231, Sec. 24, para. 16), 36 Stat. 1091-93 (formerly codified at 28 U.S.C. § 41(16)).[6] The current law, enacted by the Act of June 25, 1948, Pub. L. No. 773, 62 Stat. 933, is identical, except that the words "'real, personal, or mixed, and all suits in equity,' after 'all other actions by or against them,' were omitted as superfluous." 28 U.S.C.A. § 1348 (legislative notes). It now reads:

> And all national banking associations established under the laws of the United States shall, for the purpose of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which

---

bank in American Surety had its principal place of business and its main office located in the same State. See American Surety Co. v. Bank of California, 44 F. Supp. 81, 82 (D. Or. 1941) (according to the bank's Articles of Association, "'The place where its [Bank of California] banking house or office shall be located and its operations of discount and deposit carried on and its general business conducted shall be the City and County of San Francisco'"), aff'd, 133 F.2d 160 (9th Cir. 1943).

[6] See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 311 & 311 nn. 5 & 6 (2006).

4

1    they are respectively located.
2 28 U.S.C. § 1348.

### B. <u>Wachovia Bank v. Schmidt</u>

Defendant asserts that as a national bank, it is located only in South Dakota, the State where it maintains its "main office," citing <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) ("we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").[7] It is undisputed here, that Wachovia Bank's "main office" is located in South Dakota.

In <u>Schmidt</u>, the Supreme Court granted certiorari to determine whether national banks were citizens, for Section 1348 diversity purposes, of every state in which they operated a branch.[8] The Second and Fourth Circuits had answered "yes," and were overruled by <u>Wachovia</u>.[9] The Fifth and Seventh Circuits had answered "no,"

---

[7] A national bank's "main office" is where its "operations of discount and deposit are to be carried on," as set forth in the bank's Articles of Association (as required by federal banking regulations). <u>Wachovia</u>, 546 U.S. at 307 n.1.

[8] The questions presented are (i) whether, for purposes of federal diversity jurisdiction, a national banking association is "located" in, and thus deemed to be a citizen of, every state in which the association maintains a branch, as held by the court below, or instead has a more limited citizenship, as held by three other courts of appeals; and (ii) whether the word "located," as used in 28 U.S.C. § 1348, is ambiguous. <u>Wachovia Bank, N.A. v. Schmidt</u>, 2005 WL 544000 (March 4, 2005) (Petition for a Writ of Certiorari), <u>petition granted</u>, 545 U.S. 1113 (2005).

[9] <u>Wachovia Bank, N.A. v. Schmidt</u>, 388 F.3d 414 (4th Cir. 2004), <u>rev'd</u>, 546 U.S. 303 (2006); <u>World Trade Center Properties, L.L.C. v. Hartford Fire Ins. Co.</u>, 345 F.3d 154, 161 (2nd Cir. 2003) ("Wells Fargo is a national bank ... and by statute

5

finding that Section 1348 limited a national banking association's citizenship to two places, namely, the state where it had its "main office," as well as the state of its "principal place of business."[10]

The Supreme Court, interpreting Section 1348, held that a national banking association is <u>not</u> located in every state where it has branches, but rather, where it has its "main office." Id., 546 U.S. at 307. The Court did not address whether the bank was also located in the state where the bank had its principal place of business. Instead, it dropped its now-famous "Footnote 9" that reads, in full:

> To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business. Congress has prescribed that a corporation "shall be deemed to be a citizen of any State

---

is deemed to be a citizen of every state in which it has offices"). However, the Supreme Court deemed the Second Circuit's language to be "dicta."

[10] <u>Firstar Bank, N.A. v. Faul</u>, 253 F.3d 982, 994 (7th Cir. 2001) ("for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate"); <u>Horton v. Bank One, N.A.</u>, 387 F.3d 426, 431 (2004) ("located" in Section 1348 refers to "a national bank's principal place of business as well as the state specified in the bank's articles of association"), <u>cert. denied</u>, 546 U.S. 1149 (2006). The Supreme Court did not include the Ninth Circuit among the circuits that it felt were "in disagreement," despite the Ninth Circuit's decision on this point in <u>American Surety</u>, that a national bank is located "only" in the place of its principal place of business.

6

> by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). The counterpart provision for national banking associations, § 1348, however, does not refer to "principal place of business"; it simply deems such associations "citizens of the States in which they are respectively located." The absence of a "principal place of business" reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.

Wachovia Bank, 546 U.S. 317 n.9 (2006).

After the Supreme Court decision in Schmidt, district courts in the Ninth Circuit have split on what, if anything, that case has to say about using a national bank's principal place of business as its "location" for diversity purposes. Some have held that after Schmidt, a national bank is located both where it has its main office and where it has its principal place of business.[11] Others have held that Schmidt limits a national bank's location to its

---

[11] See Mount v. Wells Fargo Bank, N.A., 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008) (unpublished); See, e.g., Saberi v. Wells Fargo Home Mortg., 2011 WL 197860 (S.D. Cal. Jan. 20, 2011); Stewart v. Wachovia Mortg. Corp., 2011 WL 3323115 (C.D. Cal. 2011)(unpublished); Goodman v. Wells Fargo Bank, NA, 2011 WL 2372044 (C.D. Cal. Jun. 1, 2011) (unpublished); Gutterman v. Wachovia Mortg., 2011 WL 2633167 (C.D. Cal. Mar. 31, 2011) (unpublished).

7

main office.[12]  The cases do not, however, mention American Surety.

## IV. RESOLUTION

This court reads Schmidt's Footnote 9 to say that the Court is not deciding whether Section 1348 intends to include "principal place of business" as a place where the bank is "located."[13] As the Court noted, Wachovia's principal place of business and its main office were in the same state.  Accordingly, once the Court determined that the bank was "located" in North Carolina on account of its main office, it was not necessary to the decision to engage in any further discussion about whether the bank was also located in North Carolina on account of the location of its principal place of business.  This court believes that Footnote 9 is too slender a reed upon which to anchor a district court ruling that the binding Ninth Circuit authority of American Surety has been abrogated.[14]

---

[12] See Tse v. Wells Fargo Bank, N.A., 2011 WL 175520 (N.D. Cal. Jan. 19, 2011); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp.2d 1022 (N.D. Cal. Oct. 27, 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp.2d 1119 (N.D. Cal. Jun. 9, 2010); Shirwo v. JP Morgan Chase Bank, Inc., 2009 WL 2365688 (C.D. Cal. Jul. 30, 2009) (unpublished); California ex rel. Bates v. Mortgage Electronic Registration Systems, Inc., 2010 WL 2889061 (E.D. Cal. Jul. 21, 2010) (Burrell, J.) (unpublished); Silva v. Wells Fargo Bank NA, 2011 WL 2437514 (C.D. Cal. Jun. 16, 2011) (unpublished).

[13] It appears that some courts have interpreted the Court's discussion of the statute's failure to include the phrase "principal place of business," to mean that "principal place of business" is excluded.  But the answer to that is that the statute also fails to include the phrase "main office," or any reference to that phrase.  The statute refers only to where the bank is "located."

[14] However, to the degree that American Surety holds that a national bank is located "only" in the State of its principal place of business, it must be understood to mean that as between the branches and the principal place of business, "only" the principal

Accordingly, this Court is bound to follow it.

**V.   CONCLUSION**

Wells Fargo Bank, N.A., has its principal place of business in California. Accordingly, it is a citizen of California, as are the plaintiffs.[15] There being no diversity jurisdiction, and only state claims remaining, the district court declines to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3) (authorizing the district court to decline to exercise supplemental jurisdiction where "all claims over which it has original jurisdiction" have been dismissed).

This matter is **REMANDED** to the state court.

IT IS SO ORDERED.

DATED: October 4, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

place of business can be used for citizen purposes.

[15] The court is aware of Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, ___ F.3d ___, 2011 WL 3862589 at *6 (8th Cir. September 2, 2011) ("WMR"), which holds that citizenship cannot be based upon "principal place of business," but only upon the location of the "main office." WMR d-PIN, reasoning directly from the language and history of Section 1348, found that it does not permit the use of the "principal place of business" as the "location" of a national bank. That reasoning is precluded in the Ninth Circuit by American Surety.

9